# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3318
_____

Kimone Avanna Graham

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 12, 2024
Filed: July 23, 2024
[Unpublished]
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Kimone Avanna Graham, a native and citizen of Jamaica, was convicted and sentenced to 18 months' imprisonment for importing cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3); and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Department of Homeland Security ("DHS") initiated removal proceedings and

Graham sought to defer her removal from the United States under the Convention Against Torture ("CAT"). 8 C.F.R. § 1208.17. Finding that Graham had failed to show she was more likely than not to face torture if removed, an immigration judge ("IJ") denied her request for deferral and the Board of Immigration Appeals ("Board") affirmed. We deny the petition for review, as substantial evidence in the record supports the IJ and Board's conclusion.

In February 2018, Graham applied for admission to the United States at JFK International Airport on a visitor visa. During inspection Graham appeared nervous, so a Customs and Border Protection officer escorted her to a search room. After a pat down was unremarkable, Graham refused the officer's request to submit to an x-ray examination. Graham was then transferred to a medical facility for observation. While under observation, she requested a change of clothes. Officers subsequently searched the room and found a package hidden under a pillow containing 520 grams of cocaine. DHS paroled Graham into the United States for criminal prosecution and served her with a notice to appear before an IJ for removal proceedings.

After an IJ found sufficient evidence to sustain the charge of removability, Graham requested deferral of removal under the CAT. Graham's claim for CAT protection was based primarily on her fear of a man named Hamilton Barrington, a notorious drug and arms dealer in Jamaica. Graham expressed fear that she will be tortured or killed in Jamaica by Barrington, who she claimed sexually assaulted her throughout her life and forced her to sell drugs. Graham claimed that despite her physical separation from Barrington after her arrest, Barrington maintained control over her by threatening her and her family if she exposed his role in the drug operation and even kidnapped her daughter until she provided him with paperwork to prove she had not snitched on him.

The IJ found that Graham's testimony lacked credibility, as it was "internally inconsistent and contained numerous inherently improbable statements." The IJ detailed the inconsistent statements provided by Graham, including that she misrepresented the location of her children, that she gave conflicting information

-2-

regarding the paternity of her youngest daughter, that she provided varying accounts about her relationship with Barrington, and that her testimony regarding her arrest by Customs and Border Patrol officials did not comport with the facts contained in the charging documents. The IJ also noted the lack of corroboration as to key aspects of Graham's testimony.

After assessing Graham's individual claims for CAT protection – she will be tortured by Barrington or his gang associates, she will be tortured by the Jamaican government because of her criminal history, and she will be tortured by the Jamaican government or the general public due to her mental health – and after viewing the claims in the aggregate, the IJ found Graham failed to establish it was more likely than not that should would face torture if removed to Jamaica. Graham appealed and the BIA found no clear error in the IJ's adverse credibility determination or its findings that Graham failed to establish it is more likely than not that she will be tortured if returned to Jamaica.

On appeal to this Court, Graham contends: (1) the agency's adverse credibility determination relied on minor or immaterial inconsistencies or omissions and was not supported by substantial evidence, and (2) the agency's finding that the aggregate risk of torture was insufficient to warrant CAT protection was not supported by substantial evidence.

Deferral of removal under the CAT may be granted when an applicant establishes it is more likely than not that she would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). We apply the substantial evidence standard to factual challenges to CAT orders. Nasrallah v. Barr, 590 U.S. 573, 584 (2020). Under this deferential standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (quoting 8 U.S.C. § 1252(b)((4)(B)). We review questions of law *de novo*. Ahmed v. Barr, 973 F.3d 922, 927 (8th Cir. 2020).

Graham has not identified any error of law made by the Board or the IJ. The record shows that the IJ and the Board applied the correct legal standard when considering Graham's application for deferral of removal under the CAT.

The record also shows the agency considered Graham's submissions. It thoroughly assessed Graham's evidence and asserted risks of torture individually and in the aggregate. The Board, in upholding the IJ's adverse credibility determination, noted that the determination was based on specific and cogent reasons derived from the record, including inconsistencies and an omission between Graham's court testimony and the submitted documentary evidence. The Board acknowledged how Graham's mental health and claimed trauma history might have impacted her testimony but concluded that, under the totality of the circumstances, those conditions did not undermine the IJ's adverse credibility determination. We give deference to the IJ's detailed credibility assessment and, after reviewing the record, we are persuaded that there is substantial evidence to support it.

The agency determined that Graham did not persuasively demonstrate any level of relationship with Barrington, nor did she show that she previously suffered harm rising to the level of torture at the hands of Barrington, or that she is more likely than not to be tortured by Barrington or his gang associates. It further determined that Graham did not show harm rising to the level of torture on account of her mental health or status as a criminal deportee, or that the Jamaican government would otherwise acquiesce to such harm. Because, on this record, a reasonable adjudicator would not be compelled to conclude to the contrary, we are required to accept the agency's findings of fact as conclusive. See Garland v. Ming Dai, 593 U.S. 357, 373 (2021) (stating "the court of appeals must accept the agency's findings of fact as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary'").

Because substantial evidence supports the IJ and Board's conclusion that Graham failed to establish that it is more likely than not that she would be tortured in Jamaica, we deny the petition for review. See Ahmed, 973 F.3d at 929 (rejecting

factual challenges to the Board's determination on CAT protection and denying petition for review when a reasonable adjudicator could have found the evidence insufficient to establish a likelihood of torture).

———————————————